## Farnsworth, Appellant, v. Farnsworth.

*Divorce—Physical defects—Incapacity for procreation—Proof.*

In an action for divorce, on the ground of impotency owing to physical malformation, the reasons alleged must appear by affirmative proof, or by fair inference from the facts developed in the case that the cause alleged actually exists. When the testimony of libellant is unsupported in any way and positively denied by the respondent, who is the mother of two children by a former husband, and who insists, under oath, that she is a healthy normal woman, the case presented is so lacking in proof that a divorce will not be granted.

Argued October 26, 1920. Appeal, No. 201, Oct. T., 1920, by libellant, from decree of C. P. Blair County, March T., 1919, No. 157, dismissing libel in divorce in the case of James E. Farnsworth v. Ida V. Farnsworth. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to W. C. Fletcher, Esq., as master, who recommended that the divorce be refused.

On exceptions to the master's report, the court dismissed the exceptions and refused the divorce. Libellant appealed.

*Error assigned* was the decree of the court.

*Thomas H. Greevy,* and with him *J. Austin Sullivan,* for appellant, cited: Gring v. Lerch, 112 Pa. 244; Yeager v. Yeager, 19 Dist. Reps. 726; Christman v. Christman, 7 Pa. C. C. Reps. 595; Luckenbach v. Luckenbach, 39 Pa. C. C. Reps. 522.

*D. Lloyd Claycomb,* for appellee, filed no printed brief.

OPINION BY ORLADY, P. J., March 5, 1921:

While the alleged defect of which the libellant complains was not known at the time of marriage, it was soon thereafter discovered and accepted for 15 years, as a condition incident to the marriage relation. No original fraud or concealment is suggested, nor is there any evidence adduced to establish the fact in support of the libellant's testimony, and no physical examination or other confirmatory proof was offered.

It has been frequently held that since such a condition is a very rare occurrence, in all cases unequivocal proof of the fact is required, especially so when it is not clearly shown that the alleged defect did exist at the time of marriage: 1 Bishop on Marriage and Divorce, section 332; 1 Chitty Medical Jurisprudence, 375; 1 Beck Medical Jurisprudence, 68 (5 ed.). A comprehensive review of the authorities on the question involved is to be found in Devenbach v. Devenbach, 28 Am. Decisions, 443. To warrant granting a divorce for the reason alleged, it should appear by affirmative proof or by fair inference from facts developed in the case, that the cause alleged actually exists, and when, as in this case, the testimony of the libellant is unsupported in any way and positively denied by the respondent, who is the mother

of two children by a former husband, and who insists under oath that she is a healthy, normal woman, the case presented is so lacking in proof that the decree of the court must be affirmed.

Judgment affirmed.